UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STANFORD CLACKS,

    Plaintiff,   Case No.: 21-CV-611

v.

KWIK TRIP, INC.,

    Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff Stanford Clacks, by his attorneys, Gingras, Thomsen & Wachs, LLP, by Attorney Chad E. Kemp, and files his Amended Complaint against Defendant Kwik Trip, Inc.

### NATURE OF PROCEEDING

1. This civil action is brought under 42 U.S.C. §§ 1981. It is brought to redress the racially discriminatory and retaliatory practices employed by the defendants to which the plaintiff was subjected resulting in his termination from employment.

### PARTIES

2. Plaintiff Stanford Clacks ("Mr. Clacks") is a Black man who resides and is domiciled in Dane County, Wisconsin

3. At all times relevant to the claims in his Complaint, Mr. Clacks was a Stock Replenishment Co-Worker for Kwik Trip, Inc. Among Mr. Clacks' job duties

were loading delivery trucks with perishable foods, driving and stocking perishable items in Kwik Trip convenient stores on his posted routes.

4. Defendant Kwik Trip, Inc. ("Kwik Trip") is a Wisconsin company. Kwik Trip's registered agent is Thomas E. Reinhart, whose address is 1626 Oak Street, LaCrosse, Wisconsin 54603. Kwik Trip's principal office is located at 1626 Oak Street, La Crosse, Wisconsin 54603.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Mr. Clacks' claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4), as Mr. Clacks alleges violations of 42 U.S.C. §§ 1981(b).

6. Venue in the Western District of Wisconsin is proper under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), as the events occurred in this judicial district and the parties reside and are domiciled in this judicial district.

7. On November 2, 2020, Mr. Clacks filed a charge of discrimination with the Wisconsin Equal Rights Division ("ERD"). The ERD has a work sharing agreement with the U.S. Equal Employment Opportunity Commission ("EEOC"). On November 2, 2020, the ERD filed Mr. Clacks Complaint with EEOC. The EEOC issued a Notice of Right to Sue letter on June 30, 2021. All conditions precedent for filing this lawsuit have been fulfilled or have otherwise occurred.

## FACTUAL ALLEGATIONS

8. In May of 2018, Mr. Clacks was hired as an employee for Kwik Trip, Inc.

9. From his date of hire, Mr. Clacks was employed as a Stock

Replenishment Co-Worker for Kwik Trip.

10. Mr. Clacks drove and restocked donuts, muffins, and other perishable items in Kwik Trip stores along his assigned route.

11. During his training, Mr. Clacks was subjected to racial harassment anddiscrimination by other employees of Kwik Trip.

12. Mr. Clacks notified his superiors Sean Clements and Dan Davis that there were at least four incidents to which he was subjected to racial name calling while he was going through the training process.

13. Mr. Clacks was assigned a different trainer who called him racially derogatory names and told him that he did not want to train him because he was Black.

14. This trainer also refused to pick Mr. Clacks up for two days of training because of his race.

15. Mr. Clacks notified Kwik Trip dispatch and supervisor Jason Pratt.

16. Mr. Clacks was subjected to racial harassment throughout his employment with Kwik Trip.

17. Mr. Clacks notified Dan Davis that on numerous occasions he was racially harassed by other employees. Mr. Clacks was told repeatedly by superiors that the harassment would be taken care of and that Mr. Clacks did not have to worry about it.

18. Mr. Clacks also reported the racial harassment to supervisors Mike Krajewski and Jeremy Renner on a number of occasions, and was always told that

it would be handled.

19. On August 1, 2019, Mr. Clacks had a meeting with Jeremey Renner and the other drivers regarding racial discrimination, disrespect and his treatment by other employees.

20. Mr. Clacks has more than sufficient evidence to establish a prima facie case under 42 U.S.C. § 1981.

21. Under 42 U.S.C. 1981, a plaintiff must establish that he is a member of a protected class, that he was qualified for and applied to an open position, was rejected, and the employer filled the position by hiring someone outside of the protected class or left the position open.

22. Mr. Clacks is an African-American male and is therefore a member of a protected class.

23. Kwik Trip allows internal employees to apply for open positions prior to that position being posted publicly.

24. Fuel truck driver positions are among the most lucrative in the Company.

25. On July 10, 2019, Mr. Clacks expressed his interest in a job as a fuel truck driver to Mike Krajewski.

26. Mr. Clacks followed the company procedure and applied by giving his signed Fuel Sign Up sheet to his supervisor, Jason Pratt.

27. On August 21, 2019, Mr. Clacks again expressed interest in another open fuel driver position to Mike Krajewski that recently opened.

28. Mr. Clacks again followed company procedure and applied by giving his signed Fuel Sign Up Sheet to his supervisor Jeremy Renner.

29. Mr. Clacks did not receive the fuel truck driver position either time he applied.

30. Mr. Clacks found out that one of the positions was filled by a white driver with less experience.

31. Mr. Clacks continued to be the victim of racial harassment.

32. Mr. Clacks notified supervisor Jason Pratt of a note that was addressed to him stating "You're the only one here. Leave."

33. On October 18, 2019, Mr. Clacks was involved in a work-related car accident in Kenosha County, Wisconsin.

34. Mr. Clacks was pressured by Jeremy Renner not to go to the hospital and not to report his injuries from the collision.

35. Mr. Clacks was told not to take time off from the injury. He was forced to work and was advised not to report his injuries on the Companies Incident Report.

36. On December 5, 2019, Mr. Clacks notified Jeremy Renner about broken equipment on his vehicle and that he should not operate the vehicle given the condition that it was in. He was told that he should drive his route and was threatened with termination if he refused to do so.

37. In March of 2020, at the beginning of the Covid-19 pandemic, Mr. Clacks requested a leave of absence pursuant to Kwik Trip's Pandemic Emergency

Leave Policy.

38. Kwik Trip allegedly informed their employees that as of July 30, 2020, they had to return to work unless the reason for the continued leave was due to their own medical condition.

39. On June 21, 2020, Mr. Clacks received an inappropriate text message from Jeremy Renner.

40. On July 8, 2020, Mr. Clacks informed Kwik Trip that he wanted to file an internal race discrimination complaint as nothing had come of his previous concerns.  This complaint was filed via email to Ashley Calloway.

41. Mr. Clacks followed up with Kwik Trip regarding his complaint on July13, 2020.

42. Kwik Trip concluded their investigation on or around August 7, 2020.

43. The investigation substantiated the used of derogatory language toward Mr. Clacks while he was an employee of Kwik Trip.

44. Following the investigation, Mr. Clacks was offered jobs at a lower salary including a position as a Food Service Worker, a Cashier, or an Assistant Store Manager.

45. Mr. Clacks did not accept the positions as they were retaliation against his report of racial discrimination.

46. On August 11, 2020, Kwik Trip offered Mr. Clacks a settlement agreement that expressly prohibited Mr. Clacks from filing a charge of discrimination.

47. Mr. Clacks refused to sign the offer of settlement as Kwik Trip's own investigation vindicated his accusation of racial discrimination.

48. Mr. Clacks was terminated by Kwik Trip after he did not sign the offer of settlement agreement.

### FIRST CAUSE OF ACTION AGAINST KWIK TRIP:RACE DISCRIMINATION AND RETALIATION 42 U.S.C. SEC. 1981

49. The plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

50. Kwik Trip acted contrary to 42 U.S.C. § 1981 by creating a race-based hostile working environment for Mr. Clacks, which caused damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

51. Kwik Trip acted contrary to 42 U.S.C. § 1981 by intensifying racial hostility towards Mr. Clacks in retaliation for Mr. Clacks' complaints, which caused damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

52. Kwik Trip acted contrary to 42 U.S.C. § 1981, when they failed to offer him his position as a Stock Replenishment Co-Worker and retaliated because he logged formal complaints of racial discrimination against the company and was offered positions that paid less than his previous position, which caused damages of lost wages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

53. Kwik Trip acted contrary to 42 U.S.C. § 1981 when they failed to hire

him within the Company as a fuel truck driver and instead hired white drivers with less experience. This retaliation by Kwik Trip led to a severe loss of future wages, economic damages, suffering, mental anguish and loss of enjoyment of life.

54. Mr. Clacks respectfully requests that the Court enter judgment for him on each claim against Kwik Trip and award the following relief:

WHEREFORE, the plaintiff demands the following relief:

A. An order awarding damages for lost wages and benefits, future lost wages and benefits, and other compensatory and future pecuniary damages in an amount to be determined by a jury.

B. An order awarding damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be determined by a jury.

C. An order awarding punitive damages in an amount to be determined by a jury.

D. An order awarding attorneys' fees, experts' fees, and other costs in an amount to be determined by the Court.

E. An order for further necessary and proper relief as determined by the Court.

**JURY DEMAND**

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 20th day of December 2021.

                **GINGRAS THOMSEN & WACHS LLP**
                Attorneys for Plaintiff

                */s/ Chad E. Kemp*
                Chad E. Kemp
                SBN: 1061621

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: ckemp@gtwlawyers.com