IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANFORD CLACKS,

                              Plaintiff,

   v.                                                    OPINION and ORDER

KWIK TRIP, INC.,                                         21-cv-611-jdp

                              Defendant.

---

       Plaintiff Stanford Clacks has sued his former employer, Kwik Trip, Inc., alleging that he was the victim of racial discrimination. Clacks's attorney, Chad Kemp of the firm Gingras, Thomsen & Wachs, LLP, moves to withdraw as counsel. Dkt. 30. Clacks objects to the motion. Dkt. 34. The decision of whether to grant an attorney's motion to withdraw in a civil case is left to the discretion of the district court. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Counsel seeking to withdraw over his client's objection must show that there is a valid and compelling reason for the court to grant the motion. *Stafford v. Mesnik*, 63 F.3d 1445, 1448 (7th Cir. 1995).

       The court has reviewed counsel's ex parte submission providing his grounds for seeking to withdraw, Dkt. 35, as well as Clacks's response, Dkt. 36. The submissions show that Clacks and his attorney have reached an impasse on how to proceed with the case. Such a disagreement provides a valid and compelling reason to allow counsel to withdraw. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 816 (7th Cir. 2017). Clacks takes issue with counsel's efforts to understand the facts of his case. But nothing in Clacks's submission suggests that counsel has acted improperly or that counsel's assessment of the case is unsound. Instead, Clacks and his

attorney have a genuine disagreement about the best path forward. The court will grant counsel's motion to withdraw from the case.

Clacks's primary concern is that he will be unable to find a new attorney at this stage in the case. Trial in this case is not for another 11 months, which the court of appeals has considered to be "ample time" to find a new attorney or prepare to try a case pro se. *See Parker*, 845 F.3d at 816. But to minimize the risk of prejudice to Clacks, the court will strike the schedule and stay the case to allow Clacks to find a new attorney. Clacks may have until July 15, 2022, to inform the court that he has retained new counsel, or to inform the court that he intends to represent himself pro se. If Clacks fails to respond to this order, the court will dismiss this case for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff's counsel's motion to withdraw, Dkt. 30, is GRANTED.

2. Plaintiff's motion to vacate the pretrial conference order, Dkt. 31, is GRANTED. The remaining schedule is STRUCK. Stanford Clacks has until July 15, 2022, to inform the court that he has retained new counsel or that he intends to proceed pro se. If Clacks fails to respond to this order, the court will dismiss this case for his failure to prosecute it.

Entered May 16, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge